UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES P. DEVORE,

    Plaintiff,

vs.

GARY C. MOHR, *et al*.,

    Defendants.

Case No. 2:18-cv-559

Chief Judge Edmund A. Sargus
Magistrate Judge Michael J. Newman

___

**REPORT AND RECOMMENDATION[1] THAT (1) *PRO SE* PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF BE DISMISSED AS MOOT; (2) SUMMARY JUDGMENT (DOC. 17) BE GRANTED IN FAVOR OF DEFENDANTS; AND (3) PLAINTIFF'S REMAINING CLAIMS AGAINST DEFENDANT IMAM SUNNI ISLAM BE DISMISSED; AND (4) THIS CASE BE TERIMINATED ON THE DOCKET.**
___

This is a civil case in which *pro se* Plaintiff, James P. Devore, a former inmate at Belmont Correctional Institute ("BeCI") asserts, *inter alia*, civil rights claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et. seq*., and the Federal Statute 42 U.S.C. § 1983. Doc. 3. His claims arise from alleged conduct by a number of officials and employees at BeCI prior to and during Ramadan 2017, while Devore, a Muslim who practices the Islamic faith, was incarcerated there. *Id.* at 58-63. Devore named as Defendants Gary C. Mohr ("Mohr"), director of the Ohio Department of Rehabilitation and Correction ("ODRC"); Michael Davis ("Davis"), religious services Administrator of ODRC; Clark Scott ("Scott"), former Deputy Warden at BeCI; Mary Potter ("Potter"), current Deputy Warden at BeCI; Jeffrey Burger ("Burger"), Chaplain at BeCI; and Imam Sunni Islam, Muslim Service Provider at BeCI.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Mohr, Davis, Scott, Potter, and Burger (collectively, "Defendants") filed a motion for summary judgment (doc. 17), to which Plaintiff filed a memorandum in opposition (doc. 18), and Defendants filed a reply (doc. 20). The motion is now ripe for decision. Given his *pro se* status, all of Plaintiff's pleadings have been liberally construed in his favor. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

**I.**

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007) (quoting Fed. R. Civ. P. 56(c)). "Weighing of the evidence or making credibility determinations are prohibited at summary judgment -- rather, all facts must be viewed in the light most favorable to the non-moving party." *Id*.

Once "a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading[.]" *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010) (citation omitted). Instead, the party opposing summary judgment has a shifting burden and "must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial." *Id*. (citation omitted). Failure "to properly address another party's assertion of fact as required by Rule 56(c)" could result in the Court "consider[ing] the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

Finally, "there is no duty imposed upon the trial court to 'search the entire record to establish that it is bereft of a genuine issue of material fact.'" *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992) (citations omitted). Instead, "[i]t is the attorneys, not the judges, who have

interviewed the witnesses and handled the physical exhibits; it is the attorneys, not the judges, who have been present at the depositions; and it is the attorneys, not the judges, who have a professional and financial stake in case outcome." *Id*. at 406. In other words, "the free-ranging search for supporting facts is a task for which attorneys in the case are equipped and for which courts generally are not." *Id*.

## II.

Observants of the Muslim faith participating in Ramadan -- a Muslim holiday, which lasts about thirty days -- fast from sun up to sun down. PageID 58. To accommodate this religious practice, ODRC policy provides that participating inmates shall receive two meals a day -- apart from the rest of the prison population -- to be eaten before the day's fast begins and after the daily fast ends. *Id.*

Plaintiff received the Ramadan meal accommodations for "many years" during his incarceration. *Id.* It is ODRC policy that the "Imam providing religious services for the institution" has sole discretion in determining membership of the Islamic faith and, in turn, determining who is eligible to receive the meal accommodations, *i.e.,* who is on the "Ramadan list." PageID 60. In 2017, Imam Sunni Islam removed Plaintiff from the Ramadan list, rendering him ineligible to receive meal accommodations. PageID 59. As a result, during Ramadan of 2017, Plaintiff was forced to choose between "adequate nutrition" or "violat[ing] a central tenet [*sic*] of faith." PageID 60. Ultimately, during Ramadan that year, he ate "from only the selections that he purchased" and lived on "chips, ramen soups, cookies and what he had on hand." PageID 166. This caused him to feel weak, anxious, and prevented him from "achieving [] peace and focus," a chief aim of Ramadan. PageID 60.

Prior to and during Ramadan, Plaintiff filed grievances seeking reinstatement to the Ramadan list. Specifically, Plaintiff filed an Informal Complaint Resolution with Defendant Scott, who responded that the complaint "will be answered by [Defendant Potter]." PageID 63-64. Potter denied Plaintiff's grievance, finding that "the staff action was a valid exercise of [Imam Sunni's] discretion." PageID 78. Devore further alleges that he was subsequently excluded from two other Muslim holidays

3

after he filed the first grievance. PageID 20. By Ramadan in 2018, Devore was reinstated by Imam Sunni Islam as a member of the Islamic faith and was permitted to receive meal accommodations. PageID 163.

Plaintiff was subsequently released from BeCI on May 2, 2019.[2] Offender Search, OHIO DEP'T OF REHAB. & CORR. record available at https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A643481, (last visited Jul. 29, 2019). Because Plaintiff's release prevents this Court from being able to grant the injunctive relief he seeks, *Fredette v. Hemingway*, 65 F. App'x 929, 931 (6th Cir. 2003), he was ordered to show cause on or before June 11, 2019 as to why his claims for injunctive relief should not be dismissed as moot. Doc. 23. Plaintiff failed to do so.

### III.

#### A. Claims for Injunctive Relief under § 1983 and RLUIPA

Plaintiff filed claims for injunctive relief under § 1983 and RLUIPA.[3] PageID 55. For the reasons set forth in the aforementioned Show Cause Order, all of Plaintiff's claims for injunctive relief should be dismissed as moot.[4] *Id.* The only claims that should remain pending before this Court are Plaintiff's § 1983 claims for monetary damages against Defendants in their individual capacities. Therefore, this Court need only address Defendant's motion for summary judgment as to these claims.

#### B. Claims for Monetary Damages under § 1983

Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of a right, privilege, or immunity secured by the Constitution

---

[2] "Matters of public record may be considered" on a motion for summary judgment. *Cf. Goryoka v. Quicken Loan, Inc.*, 519 F. App'x 926, 927 (6th Cir. 2013).
[3] The entirety of Plaintiff's RLUIPA claim is moot because the Sixth Circuit has ruled that the only type of relief available under RLUIPA is injunctive. *Haight v. Thompson*, 763 F.3d 554, 568 (6th Cir. 2014).
[4] Plaintiff's failure to show cause constitutes additional and sufficient grounds to dismiss his claims for injunctive relief. Doc. 23.

or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 44 n.3 (1984). Thus, to state a § 1983 claim, a plaintiff must allege "(1) a deprivation of rights secured by the Constitution and laws of the United States and (2) that the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003).

### 1. First Amendment

Plaintiff alleges that Defendants violated his First Amendment right to freely exercise his Islamic faith when he was not provided meal accommodations during Ramadan of 2017. PageID 56-65. Indeed, the First Amendment guarantees that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof…." U.S. Const., Amend. 1. "Prisoners maintain the First Amendment right to the free exercise of their religion." *Hayes v. Tenn.*, 424 F. App'x. 546, 549 (6th Cir. 2011). This includes the right "to an adequate diet that does not violate [the inmate's] religious dietary restrictions." *Welch v. Spaulding*, 627 F. App'x 479, 482 (6th Cir. 2015) (citing *Colvin v. Caruso*, 605 F.3d 282, 290 (6th Cir. 2010)).

However, "[i]t is well-settled that prisoners' rights under the Free Exercise Clause [of the First Amendment] may be subject to reasonable restrictions." *Weinberger v. Grimes*, No. 07-6461, 2009 U.S. App. LEXIS 2693, at *9 (6th Cir. Feb. 10, 2009). Under § 1983, a prisoner alleging that prison officials acted unreasonably and violated his or her free exercise rights must prove that (1) those religious beliefs are "sincerely held" and (2) the prison's action "substantially burdened his [or her] sincerely held religious beliefs." *Hayes*, 424 F. App'x at 555.

When, as here, the § 1983 claim is against public officials in their individual capacity, a plaintiff must establish the "personal involvement" of each defendant in the alleged violation. *Bruner v. Dunaway*, 684 F.2d 422, 425 (6th Cir. 1982). Basic *respondeat superior* principles do not establish personal involvement; rather, a plaintiff must demonstrate each defendant's active participation in the alleged unconstitutional behavior. *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995) (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)).

Specifically, a supervisory official can be liable for unconstitutional acts of their subordinates only where the official "'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Hays v. Jefferson Cty., Ky.*, *KY*, 668 F.2d 869, 874 (6th Cir. 1982)). For that reason, there is no liability where an official's only involvement was to deny a plaintiff's administrative grievances, fail to remedy that grievance, or fail to otherwise intervene on the plaintiff's behalf. *Id*. This holds true even if the supervisor had actual knowledge of the constitutional violation and even if the denial of the grievance was wrongful. *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *see also Stewart v. Taft*, 235 F.Supp.2d 763, 767 (N.D. Ohio 2002) ("supervisory liability under §1983 cannot attach where the allegation of liability is based upon a mere failure to act").

### a. Defendants Mohr and Davis

Plaintiff did not assert any specific facts regarding the alleged personal involvement of Defendants Mohr and Davis beyond defining their respective titles at ODRC. PageID 57. Indeed, Plaintiff does not mention these Defendants in either the facts of his complaint or in his response to Defendants' motion for summary judgment. In so doing, Plaintiff failed to carry his burden in opposing summary judgment. *Viergutz*, 375 F. App'x at 485 (6th Cir. 2010) (The party opposing summary judgment has a shifting burden and "must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial"). Accordingly, the motions for summary judgment should be granted on this claim as to Defendants Mohr and Davis.

### b. Defendants Scott, Potter, and Burger

Plaintiff alleges that Defendants Scott, Potter, and Burger, on the other hand, were "personally involved…because each individual was notified with the informal complaint resolution and grievance process." PageID 60, 63, 64, 161. Mere knowledge of a grievance does not establish the type of "direct participation" required to impose liability on these defendants. *Leary v. Daeschner,* 349 F.3d 888, 903

(6th Cir. 2003) ("[S]imple awareness of employees' misconduct does not lead to supervisor liability [under § 1983]").

Nor do their allegedly deficient responses to Plaintiff's grievances amount to encouragement of, or participation in, the underlying violation.[5] PageID 63, 64, 161; s*ee Shehee*, 199 F.3d at 300 (finding defendants not liable where they "knew of the alleged violations…but failed to act when the situation was in their control"); *Combs v. Sumner Cty. Jail*, No. 3:18-cv-786, 2018 U.S. Dist. LEXIS 200503, at *4 (M.D. Tenn. Nov. 27, 2018) ("[M]ishandling of the plaintiff's grievances—either by denying them or failing to act in response to them—is not the type of 'direct participation' that gives rise to liability under Section 1983"). Further, because there "is no inherent constitutional right to an effective prison grievance procedure," these Defendants are not liable even assuming the denial of Plaintiff's grievances was wrongful. *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001). Plaintiff's allegations -- that Defendants were aware of, and failed to act on, his grievances -- fall short of establishing "personal involvement" in the alleged violation, and summary judgment should additionally be granted regarding this claim on behalf of defendants Scott, Potter, and Burger.[6]

**c. Defendant Imam Sunni Islam**

Defendant Imam Sunni Islam did not move for summary judgment, but Plaintiff's claims against him are subject to a *sua sponte* review pursuant to 28 U.S.C. § 1915(e)(2). *McGore v.*

---

[5] Plaintiff also identified -- as a basis for liability -- an email sent by Defendant Burger endorsing Imam Sunni Islam's policy regarding disqualifications for Ramadan meal accommodations. PageID 161. This argument fails because Plaintiff must prove that Burger actively participated in "the specific incident of misconduct" -- *i.e*, the actual decision to remove Plaintiff from the Ramadan list. *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Burger's email endorsing the Imam's policy does not equate to his participation in removing Plaintiff's name from the Ramadan list. Indeed, BeCI's policy grants the exclusive authority to add and remove prisoners from the Ramadan list to the Muslim Service Provider, here Imam Sunni Islam. PageID 195-96.

[7] Under this same analysis, the undersigned finds that a First Amendment retaliation claim, if pled, would also fail. Plaintiff did not allege that he filed any grievances related to -- or that Defendants were even aware -- that Imam Sunni Islam precluded Plaintiff from participating in subsequent Muslim activities after he filed his first grievance. Thus, the personal involvement the Defendants in a retaliation is more attenuated than the underlying free exercise claim. *Cf. Conway Bonds v. Univ. of Cincinnati Med. Ctr.,* No. 1:15-cv-641, 2018 U.S. Dist. LEXIS 73605, at *67 (S.D. Ohio May 1, 2018).

*Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, the Court must dismiss any case it determines is "frivolous or malicious," fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint should be dismissed as frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325. A plaintiff sets forth no arguable factual basis where the allegations asserted are "fantastic or delusional"; and presents no arguable legal basis when advancing "indisputably meritless" legal theories, *i.e.*, when the defendant is immune from suit, or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Courts may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

As noted, to state a §1983 free exercise claim, Plaintiff must demonstrate that Defendant Imam Sunni Islam "substantially burdened" his sincerely held religious beliefs by removing him from the Ramadan list. *Barhite v. Caruso*, 377 F. App'x 508, 511 (6th Cir. 2010). "An action of a prison official will be classified as a substantial burden when that action forced an individual to choose between following the precepts of his religion and forfeiting benefits or when the action in question placed substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Hayes*, 424 F. App'x at 555.

Plaintiff fails to establish that he was required or substantially pressured to violate his religious dietary restrictions. *Living Water Church of God v. Charter Twp. Meridian*, 258 F. App'x 729, 734 (6th Cir. 2007) ("[T]he Supreme Court has made clear that the 'substantial burden' hurdle is high and that determining its existence is fact intensive"). Instead, Plaintiff's allegations reveal that he maintained his Ramadan fast by living on food he was able to purchase at the commissary, including ramen, chips and cookies. PageID 60; *Spies v. Voinovich*, 173 F.3d 398, 406-07 (6th Cir. 1999) ("[T]he fact that Plaintiffs dislike the alternate diet available does not render it unreasonable or legally

8

deficient"). While this may have caused him to feel "weak and tired" at times, it does not amount to a "substantial burden" on his religious practices. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 351 (1987) (finding no substantial burden where Plaintiff was not deprived of "all means of [religious] expression"); *Alexander v. Carrick*, 31 Fed. Appx. 176, 179 (6th Cir. 2002) (requiring Plaintiff to prove he would have been "malnourished but for [the meal accommodation]"); *Sabbath Patel v. Fed. Bureau of Prisons*, 515 F.3d 807, 815-16 (8th Cir. 2008) (No free exercise violation where Plaintiff could observe dietary restrictions by purchasing meals).

Plaintiff also vaguely references isolated incidents when the Imam allegedly precluded him from participating in other religious services. However, isolated incidents of denials of religious participation do not constitute a substantial burden on the free exercise of religion. *Fitch v. City of Leitchfield*, No. 4:08CV-P76-M, 2011 U.S. Dist. LEXIS 118696, at *13 (W.D. Ky. Oct. 13, 2011) (citing *Cancel v. Mazzuca*, 205 F. Supp. 2d 128, 142 (S.D.N.Y. 2002) (finding that an "isolated denial, such as having to miss a single religious service, does not constitute a substantial burden on a prisoner's right to practice his religion")).[7]

Thus, the undersigned finds Plaintiff has failed to state a claim for a substantial burden on his sincerely held religious beliefs. Plaintiff's claims against Defendant Imam Sunni Islam should, therefore, be dismissed pursuant to § 1915(e) for failure to state a claim upon which relief can be granted.

---

[8]Again, though not specifically alleged by Plaintiff, the undersigned construes Plaintiff's complaint to include a First Amendment retaliation claim. Supporting such a claim, however, is only a conclusory statement that "as a retaliatory action the Imam removed plaintiff from the pass list for Jumah and Taleem activities." PageID 59. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state ... a claim under § 1983.'" *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Skinner v. Bolden*, 89 F. App'x 579, 579-80 (6th Cir. 2004) (without more, conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Thus, any retaliation claim against Defendant Imam Sunni Islam should also be subject to summary judgment.

9

**2. Eighth Amendment**

Though not explicitly alleged by Plaintiff, the undersigned liberally construes his *pro se* complaint to assert a deliberate indifference to the conditions of his confinement claim. *Estelle*, 429 U.S. at 106. The Eighth Amendment prohibits the infliction "of cruel and unusual punishments" on those convicted of crimes. U.S. Const., Amend. 8. An "unnecessary and wanton infliction of pain" not specifically part of the sentence, but incident to the sentence, may also constitute a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. These claims contain both an objective and subjective component. *Id.* The objective prong is satisfied by showing the risk the prisoner faces "to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly" to it. *Helling v. McKinney*, 509 U.S. 25, 36 (1993) (emphasis in original).

The subjective inquiry requires a prisoner asserting that the conditions of confinement are cruel and unusual to show that prison officials acted with deliberate indifference. *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991). More specifically, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety[.]" *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* Thus, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment." *Id.* at 838.

Plaintiff cannot establish either the subjective or objective prong. While deprivations of food can constitute the "serious harm" required in the objective prong, Plaintiff failes to prove that he suffered more than a *de minimis* injury. *Jarriett v. Wilson*, 414 F.3d 634, 640 (6th Cir. 2005). At worst, Plaintiff alleges that though he "did have food," he was not provided a "*proper* meal," which left him "tired and weak." PageID 64 (emphasis added). He stated that he lived on "chips, ramen soups, cookies and what he had on hand," and in his grievances, Plaintiff complained only that this

deprivation "cost him both financially and spiritually." PageID 64, 164, 166.  The denial of Ramadan meal accommodations, in the opinion of the undersigned, did not "result[] in the denial of the minimal civilized measure of life's necessities" required in the first prong.  *Spencer v. Bouchard*, 449 F.3d 721, 728 (6th Cir. 2006); *see also Alexander*, 31 F. App'x, at *179 ("If the prisoner's diet, as modified, is sufficient to sustain the prisoner in good health, no constitutional right has been violated"); *White v. Gregory*, 1 F.3d 267, 269 (4th Cir. 1993) (allegations of inadequate food and unsanitary conditions without showing any deleterious effects fails to state a claim under the Eighth Amendment).

Nor would his grievances -- which lack any indication that he was suffering physically -- have put Defendants on notice of a "substantial risk" to Plaintiff's physical well-being, as required in the second prong.  *Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011) (No "viable Eighth Amendment claim, because [prisoner did] not allege that his health suffered as a result of not receiving the meals"); *Nelson v. Jackson,* 2:12-cv-1167, 2014 U.S. Dist. LEXIS 115111, at *26-40 (S.D. Ohio Aug. 19, 2014) (finding no violation of the Eighth Amendment where Plaintiff failed to proffer sufficient facts that he suffered weight loss or other significant health impairments due to the withholding of Kosher meals).  Any Eighth Amendment claim by the Plaintiff should, therefore, be found without merit and subject to summary judgment

**IV.**

In light of the foregoing, the undersigned **RECOMMENDS** that: (1) *pro se* Plaintiff's claims for injunctive relief be **DENIED** as moot as to all Defendants; (2) summary judgment be **GRANTED** in favor of Defendants; (3) Plaintiff's remaining claims against Defendant Imam Sunni Islam be dismissed; and (4) this case be **TERMINATED** on the docket.  The Clerk shall mail a copy of this Report and Recommendation to *pro se* Plaintiff at his new address.

Date:   July 29, 2019                                                        s/ Michael J. Newman
                                                                                       Michael J. Newman
                                                                                       United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).